**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>JOHN J. HOPKINS, III,<br><br>                  Debtor. | Civil Action No. 22-5836 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

    This matter comes before the Court upon Debtor John J. Hopkins, III's ("Hopkins") Motion to Vacate. (ECF No. 15.) The Chapter 7 Trustee duly appointed to oversee and administer Hopkins's Chapter 7 Case, Andrea Dobin ("Dobin"), opposed. (ECF No. 16.) After consideration of the parties' submissions, the Court decides the Motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, Hopkins's Motion to Vacate is denied.

    On October 3, 2022, Hopkins appealed a bankruptcy court order authorizing the sale of his real property (ECF No. 1), and on November 14, 2022, he filed an Emergency Order to Show Cause to stay an eviction order related to the same property (ECF No. 7). Dobin filed a Motion to Dismiss the Appeal as Untimely on October 11, 2022. (ECF No. 3.) On November 15, 2022, the Court held a status conference with Hopkins and Dobin to discuss the pending Motion to Dismiss and Order to Show Cause. (*See* ECF Nos. 8, 9.) Following the status conference, the Court denied Hopkins's Order to Show Cause and granted Dobin's Motion to Dismiss ("Dismissal Order"). (*Id.*)

    On November 15, 2022, Hopkins filed a Notice of Appeal as to the Dismissal Order. (ECF No. 11.) On January 2, 2023, the Third Circuit dismissed the case for "failure to timely prosecute insofar as [Hopkins] failed to pay the requisite fee or file the required case opening forms as

directed." (ECF No. 13.) On January 5, 2023, Hopkins paid the filing fee (ECF No. 14), and on January 6, 2023, he filed the instant Motion to Vacate (Hopkins's Moving Br., ECF No. 15).

Hopkins moves specifically to vacate the Third Circuit's Order dismissing his appeal. (*See* Hopkins's Moving Br. *3 ("The fee has now been paid[,] and this Order should be vacated.").)[1] As Dobin correctly notes in her opposition, however, this Court lacks jurisdiction to rule on an order issued by the Third Circuit. (*See* Dobin Opp'n Br. 10-11, ECF No. 16; *Green Tree Servicing, LLC v. Cargille*, 2019 WL 6135442, at *2 (D.N.J. Nov. 19, 2019).) This Court has explained:

> This Court lacks jurisdiction to hear this case because the [appellants] are requesting that this Court rule on an order issued by the Third Circuit. Third Circuit Local Appellate Rule 107.2 describes the procedures for dismissal for an appellant's failure to prosecute. The Rule states that when an appellant fails to comply with the Federal Rules of Appellate Procedure or the Third Circuit's Local Appellate Rules, the appeal may be dismissed for want of prosecution unless the appellant remedies the deficiency within the time period permitted under the Rule. The Rule then states that "[t]he appellant is not entitled to remedy the deficiency after the appeal is dismissed except by order of the court," which refers to the Court of Appeals of the Third Circuit, not any District Court.

*Green Tree*, 2019 WL 6135442, at *2 (internal citations omitted). Simply put, Hopkins asks the Court to do what it cannot, for lack of jurisdiction. Accordingly,

IT IS on this 30th day of May 2023, **ORDERED** as follows:

1. Hopkins's Motion to Vacate (ECF No. 15) is **DENIED.**

2. The Clerk of the Court is directed to close this case.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] Page numbers preceded by an asterisk reflect page numbers atop the ECF header.